IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROBERT CHRISTOPHER YOUNG, JR., *et al.* | § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00102-JRG |
| HARRISON COUNTY, TEXAS, *et al.* | § § § § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Opposed Motion to Shorten the Deadline to Join Additional Parties and Limit Individual Depositions to Qualified Immunity (the "Motion"). (Dkt. No. 48.) In the Motion, Defendants Harrison County, Texas ("Harrison County") and Southern Health Partners, Inc. ("Southern Health") (collectively, "Defendants") request (1) that the deadline to join additional parties to this case be shortened from April 29, 2024 to November 1, 2023, and (2) that the Court limit the depositions of any current or former Harrison County employee scheduled before the deadline to the issue of qualified immunity. Having considered the Motion and the subsequent briefing, the Court is of the opinion that the Motion should be and is **GRANTED AS MODIFIED**.

I.  **BACKGROUND**

This case concerns the death of Lonetta Johnson, (Dkt. No. 1 ¶¶ 9-69), which occurred while she was incarcerated in the Harrison County jail. (*Id.*)

On June 12, 2023, Defendants and plaintiffs Robert Christopher Young, Jr. and LaShun Fuqua ("Plaintiffs") submitted a joint conference report detailing the results of the parties' Rule

26(f) conference, which included proposed deadlines agreed upon by the parties. (Dkt. No. 22.) In the joint conference report, the parties agreed to October 1, 2023 as the deadline to join additional parties. (*Id.*) Subsequently, the Court issued an Order setting a scheduling conference for July 20, 2023, and provided the parties with a proposed Docket Control Order that set April 29, 2024 as the deadline to join additional parties. (Dkt. No. 25.)

At the scheduling conference on July 20, 2023, the parties indicated that disputes existed with respect to several of the dates in the Court's proposed Docket Control Order. (Dkt. No. 40 at 4:2-8, 6:21-11:14.) Specifically, Defendants requested that the Court use the originally agreed upon dates in the joint conference report, but Plaintiffs sought to proceed with the dates in the Court's proposed Docket Control Order. (*Id.*)

Defendants alleged that the scheduling conference was the first time that Plaintiffs disputed the agreed deadlines from the joint conference report.[1] (*Id.* at 7:21-8:14.) Plaintiffs expressed a desire to honor the agreements in the joint conference report, but ultimately indicated a preference for the Court's proposed deadlines. (*Id.* at 10:7-16.) Following this explanation, Defendants expressed concern about the deadline to join additional parties:

> MR. FULGHAM: The first date we had moved up, which kind of had a cascading effect on these other dates, was the date to join additional parties, which we had agreed in the conference to move from -- where is it here?
>
> THE COURT: It's April 29 of what we have now.
>
> MR. FULGHAM: April 29 to October 1st, 2023. I mean, we were -- the reason why we pushed that date up was we wanted to avoid a situation where a defendant got added, you know, in the 11th hour an individual defendant and, you know, cause significant delays in the case. So that's where we -- it was the start of our negotiation on these dates, and that's how those other dates ended up changing. So, you know, that's kind of where our -- that was our rationale, and, you know, that was the main

---

[1] Plaintiffs explained that the Rule 26(f) conference was conducted by an attorney no longer with the firm representing Plaintiffs. (*Id.* at 10:7-16.)

date. And we had agreed upon that October 1st, 2023, date in the conference, so that's what affected these other dates.

(*Id.* at 10:23-11:13.) After hearing arguments from both sides, the Court instructed the following:

> [G]iven those explanations and given the lack of certainty as to how the parties got to proposing what they proposed today, I'm going to enter a docket control order with the current dates in place, and as we go forward if there's a rationale to adjust these dates, you can always come back to me with an agreed or joint motion at a later time. I'm persuaded as I sit here that if there are going to be any changes to these dates, there needs to be further communication, further meeting and conferring. There seems to be some underlying uncertainty as to what each side's talking about. So we're going to go with what we have. You all are free to meet and confer further, and if you come to a clear, concise, joint position on some changes you'd like to propose, I'm always open to a joint motion from the parties to modify . . . the docket control order. But I'm going to enter a docket control order that you have before you with those dates to at least get us started.

(*Id.* at 11:15-12:8.)

Following the scheduling conference, the Court issued a Docket Control Order with April 29, 2024 as the deadline to join additional parties. (Dkt. No. 35.) On September 7, 2023, Defendants filed this Opposed Motion seeking to shorten the deadline to join additional parties to November 1, 2023.

## II.     LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether "good cause" exists, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003) (quotation omitted).

**III.     DISCUSSION**

Defendants make two requests in their Motion. First, Defendants request that the Court shorten the deadline to join additional parties from April 29, 2024 to November 1, 2023. Second, Defendants request that the Court limit the depositions of any current or former Harrison County employees to the issue of qualified immunity.

Defendants argue that the deadline to join additional parties should be shortened to November 1, 2023 so that this Court may determine issues related to qualified immunity "at the earliest possible stage of the litigation." (Dkt. No. 48 at 4) (citing *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022)). Plaintiffs seek to depose five individuals who worked for the Harrison County jail at the time of Ms. Johnson's incarceration and death. (*Id.* at 4, n.3). Specifically, the depositions of Haley Reed, John Hain, Alex Watson, Christian Chavez, and Jana Vanwert ( "Harrison County employees") are scheduled for various dates in November and December. (Dkt. No. 56 at 3, n.1); (Dkt. No. 57); (Dkt. No. 62.) None of these individuals are currently parties in this case. However, according to Defendants, "Plaintiffs will inevitably add [these] individual defendants to this lawsuit," and these individuals "will almost certainly assert the defense of qualified immunity." (Dkt. No. 48 at 5); (Dkt. No. 56 at 1.) Defendants predict that the current deadline will allow Plaintiffs to circumvent Fifth Circuit precedent, which requires determining issues of qualified immunity "at the earliest possible stage of litigation," by deposing the employees of Defendant Harrison County prior to joining them as defendants. (Dkt. No. 48 at 4) (citing *Carswell*, 54 F.4th at 310).

Plaintiffs argue that the Court should deny the Motion because qualified immunity is not at issue in this case. (Dkt. No. 53 at 3-5.) Specifically, Plaintiffs argue that Defendants lack standing to raise the issue of qualified immunity on behalf of Harrison County's employees. (*Id.*) Plaintiffs represent that they "currently have no intention of adding natural person defendants."

4

(Dkt. No. 57 at 3.) However, Plaintiffs argue that they are "not required to make that determination before having the opportunity to engage in necessary discovery." (*Id.*) Plaintiffs further argue that the Fifth Circuit caselaw cited by Defendants "is limited to situations where actual, as opposed to hypothetical, natural persons have actually raised the defense of qualified immunity." (Dkt. No. 53 at 5.)

The Court finds that there is good cause to shorten the deadline to join additional parties. Federal Rule of Civil Procedure 16(b)(4) provides the applicable standard for changing a date on the Court's schedule, where it states, "[a] scheduling order may be modified only for good cause and with a judge's consent." Fed. R. Civ. P. 16(b)(4). While, neither party references the applicable rule, the Court finds that the amendment to the schedule is important and that Plaintiffs will not be prejudiced by a shortened deadline.

Here, the shortened deadline is important to protect the interests of Harrison County employees in having issues of qualified immunity resolved prior to their depositions and to avoid their joinder at the eleventh hour. The Fifth Circuit has held that courts must determine a defendant's entitlement to qualified immunity at "the earliest possible stage of the litigation." *Carswell,* 54 F.4th at 310. This is because qualified immunity is more than "a mere defense to liability," it is also "an immunity from suit." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quotation omitted). Indeed, the Fifth Circuit recognizes, "one of the most important benefits of the qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Carswell*, 54 F.4th at 310.

Such issues are implicated in this case, even though the Harrison County employees have not yet been joined as defendants. The Court notes Plaintiff's concern that Defendants' request necessarily requires some speculation as to the likelihood these individuals being added to the

5

case. However, the Court is not limited to setting its schedule as to only inevitable events. The Court's Docket Control Order is designed to simplify the case and provide some certainty to the parties on the progression of the case. In other words, it is designed to prevent as many problematic scenarios as possible, including the issues raised by Defendants here.

The problem presently before the Court is best illustrated by the Fifth Circuit's opinion in *Carswell v. Camp*, 54 F.4th 307. In *Carswell*, the district court declined to rule on the issue of qualified immunity raised in a Rule 12(b)(6) motion to dismiss, deferring its ruling instead to the summary judgment stage. *Id.* at 309-10. The district court also stayed discovery on the issue of qualified immunity and allowed the parties to depose individual witnesses in their *Monell*/official capacities. *Id.* The Fifth Circuit reversed the district court, holding that "[w]here public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense." *Id.* at 311. The Fifth Circuit also found that staying discovery on the issue of qualified immunity did not cure the prejudice to the witnesses in allowing depositions to go forward prior to having issues of qualified immunity resolved. *Id.* at 313.

While the depositions in *Carswell* were of actual named defendants who raised qualified immunity in a motion, the same concerns elaborated upon by the Fifth Circuit are implicated in this case. As in *Carswell*, Harrison County's employees must "be particularly careful in [their] deposition[s] about how [their] answers can be used against [them] not in one but two ways," since they may still be added as parties after their depositions. *See Carswell*, 54 F.4th at 313. Additionally, if Plaintiffs joined these individuals as defendants after their depositions, these individuals may well need to sit for two depositions—one on *Monell* issues and one on personal-capacity issues—which would "exacerbate the burdens of litigation" and "turn[] qualified

6

immunity on its head." *See id.* at 314. Shortening the deadline to join additional parties would avoid these concerns by ensuring that any individual defendants, if joined, could raise a qualified immunity defense prior to being deposed.

Plaintiffs argue *Carswell* only applies where qualified immunity has actually been asserted in a motion to dismiss, and "[n]o such motion has or could be filed" here. (Dkt. No. 53 at 5.) However, the fact that no such motion "could be filed" is the problem itself. It is impossible for this case to be procedurally identical to *Carswell* precisely because these non-party witnesses cannot raise qualified immunity in this current posture. However, this procedural distinction does nothing to ameliorate the concerns raised in *Carswell*. In view of these concerns, Defendants simply request that the deadline be shortened so that the witnesses in this case can be afforded the same opportunity as the witnesses in *Carswell*: the opportunity to raise issues of qualified immunity prior to being subject to intrusive discovery.

As explained above, the Court's Docket Control Order is designed to simplify the case and create certainty. The current deadline creates a possible scenario that could complicate, not simplify, the case. A shortened deadline eliminates this potentially harmful scenario. The Court finds that the suggested amendment to the schedule is important.

Shortening the deadline will not materially prejudice Plaintiffs. Indeed, Plaintiffs, at one point, were amenable to October 1, 2023 as a deadline to join additional parties (Dkt. No. 22.).[2] They cannot, and do not, now say that November 1, 2023 would be a prejudicial deadline. Any argument by Plaintiffs that this shortened deadline would cause prejudicial delay if Plaintiffs are

---

[2] Any deadline set by the Court is intended to be a ceiling, not a floor. The parties are permitted to negotiate discovery deadlines that are earlier than the ones set by the Court on the Docket Control Order. The parties should not interpret any date set by the Court as an excuse for the parties to back out of any prior agreements on earlier deadlines. The fact that the agreement was made by counsel no longer present in the case is no justification to go back on a prior agreement.

7

unable to take these depositions until after the deadline are unpersuasive. Fact discovery ends on June 24, 2024. (Dkt. No. 35.) Plaintiffs will have more than enough time to depose Defendants' witnesses after the shortened deadline to join additional parties.

Nothing in the Court's Order affects the parties' ability to "engage in necessary discovery." (*See* Dkt. No. 57 at 3.) Indeed, the parties have had the opportunity to engage in fact discovery for nearly four months. Further, this is not a case where Plaintiffs need discovery to discern the identity of the employees involved in Ms. Johnson's incarceration and death. Plaintiffs are aware of the particular Harrison County employees well enough to identify them by name in the Complaint and summon them for depositions. (*See* Dkt. No. 1 at 8-33) (naming Haley Reed, John Hain, Alex Watson, Christian Chavez, and Jana Vanwert in the factual contentions). Finally, the Court's deadline to join additional parties is not an absolute bar. After the deadline passes, and if good cause exists to add a party, Plaintiffs may file a motion seeking leave to join additional parties. On the other hand, if Plaintiffs currently have sufficient information to determine what parties to join, there is no reason for them to delay until after depositions.

For the above reasons the Court finds that good cause exists to shorten the deadline to join additional parties. However, the Court is conscious that Plaintiffs should be given a reasonable amount of time to exercise their ability to join additional parties after the issue of this Order. Accordingly, the Court finds that **December 15, 2023** is a reasonable shortened deadline.[3]

Of course, it would undermine applicable guidance from the Fifth Circuit if Plaintiffs were permitted to proceed with depositions of the Harrison County employees between now and the

---

[3] Limitation No. 5 of the Docket Control Order in this case (Dkt. No. 35) states: "Any motion to alter any date on the DCO shall take the form of motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO." Defendants are to submit a proposed DCO consistent with the Court's ruling.

shortened deadline to join additional parties on December 15, 2023. Defendants, anticipating this problem, request that the depositions of all current and former Harrison County employees taken before the shortened deadline be limited to only the issue of qualified immunity. However, the Court finds that depositions of the Harrison county employees before December 15, 2023 could well result in bifurcated multiple depositions, which goes directly against *Carswell*. Defendants have pointed to five individuals (Haley Reed, John Hain, Alex Watson, Christian Chavez, and Jana Vanwert) who would likely raise qualified immunity as a defense if joined based on the specific factual allegations in the Complaint. (Dkt. No. 48 at 4-5, n.3) (citing Dkt. No. 1 ¶¶ 23, 37-51, 55-56, 63, 66-69, 117-121.) The Court agrees that allowing depositions of these five individuals prior to the (now shortened) deadline to join additional parties would undermine the guidance articulated in *Carswell*. Accordingly, the depositions of Haley Reed, John Hain, Alex Watson, Christian Chavez, and Jana Vanwert should be and are stayed until the deadline to join additional parties passes.[4]

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS AS MODIFIED** the Motion to Shorten the Deadline to Join Additional Parties and Limit Individual Depositions to Qualified Immunity. (Dkt. No. 48.)

Accordingly, it is **ORDERED** that the deadline to join additional parties is **shortened** to **December 15, 2023**. It is further **ORDERED** that the depositions of Haley Reed, John Hain, Alex Watson, Christian Chavez, and Jana Vanwert are **stayed** up to and including **December 15, 2023**.

---

[4] While the stay is limited to the five individuals specifically named in the Motion, the parties should not interpret this as *carte blanche* to schedule depositions prior to the shortened for other Harrison County employees that the reasoning in this Order may also apply to. The Court can neither confirm nor deny that a stay would be appropriate for any other depositions based on the record before it, and the parties are expected to work together in determining the most appropriate date for depositions. The Court reiterates that the parties will have six months after the shortened deadline to conduct fact discovery, during which time the parties should have more than enough time to take all necessary depositions.

Finally, the parties are **ORDERED** to jointly submit a proposed Amended Docket Control Order reflecting the changes to the schedule, within ten (10) days from this date.

    **So ORDERED and SIGNED this 21st day of November, 2023.**

                                                      RODNEY GILSTRAP
                                                    UNITED STATES DISTRICT JUDGE