IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROBERT CHRISTOPHER YOUNG, JR., *et al.* | § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | CIVIL ACTION NO. 2:23-CV-00102-JRG |
| HARRISON COUNTY, TEXAS, *et al.* | | |
| *Defendants*. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Opposed Motion to Compel Supplemental Production from Defendant Southern Health Partners Inc. (the "Motion to Compel") (Dkt. No. 69). In late October 2023, Plaintiffs requested nine categories of documents from Defendant Southern Health Partners ("SHP"). (*Id.*) In the meet and confer process that followed, two of the nine categories were resolved. On December 1, 2023, Plaintiffs filed the Motion to Compel, seeking to compel SHP to produce documents on the remaining seven categories (*Id.* at 3-7). Subsequently, the parties indicated that five more disputed categories had been resolved, leaving two categories of disputed documents. For the reasons stated herein, the Court finds that the Motion as to these categories should be **GRANTED**.

I.     BACKGROUND

SHP responded to the merits of the Motion to Compel, arguing why Plaintiffs were not entitled to the seven categories of documents. (Dkt. No. 71.) SHP also alleged that it did not have enough time to respond to the Motion to Compel given *Plaintiffs'* refusal to grant SHP a two-week extension on its response. SHP contends that it could not adequately respond or file affidavits

with its response due to "conflicts of counsel" and the unavailability of necessary information, and it contends that "*Plaintiffs*[] refused to grant an extension." (*Id.* at 9.) SHP argues that this is an example of a "continuing pattern" of Plaintiff failing to cooperate. (*Id.*) Notwithstanding these assertions, SHP never filed a request for an extension of any kind with the Court.

Over a month after SHP filed its response—without seeking leave of Court—SHP filed an "Amended Response" (Dkt. No. 72), alleging that Plaintiffs and SHP had resolved all but two of the seven requested categories of documents. Subsequently, Plaintiffs moved for leave to file a reply brief to substantively respond to issues allegedly raised for the first time in SHP's Amended Response. (Dkt. No. 73.) Plaintiffs alleged that good cause exists to file a Reply partially because SHP raised new arguments in its Amended Response that Plaintiffs claimed to "have not had the opportunity to substantively address." (*Id.* at 2.) SHP did not oppose the motion for leave to file a Reply or dispute Plaintiffs' contention that they "ha[d] not had the opportunity to substantively address" the new arguments raised for the first time in SHP's Amended Response.

## II. LEGAL STANDARD

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). "Continual failure to adhere to Rule 26's prescription may result in waiver of the privilege where a court finds that the failure results from unjustified delay, inexcusable conduct,

or bad faith." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017).

### III.  DISCUSSION

First, the Court—not the parties—controls the Docket. Among other things, the parties do not grant or deny extensions of deadlines. The Court does. The parties do not grant to themselves leave to file amended briefs. The Court does. If SHP desired an extension of its deadlines to respond, it should have moved for one or more extensions. It did not. If Plaintiffs opposed the extension, then SHP could have filed such a motion as opposed. If SHP desired to file an amended response late it should have moved for leave to do so. It did not. The Discovery Order in this case allows a motion and a response for motions to compel. (Dkt. No. 34.) The Order states, "**no further briefing is allowed** absent a request or order from the Court." (*Id.*) Either through ignorance or indifference the parties have acted improperly and without justification or excuse. Neither cause reflects well on the parties or their counsel.

Second, the Discovery Order states, "[a]n opposed discovery related motion, or any response thereto, shall not exceed seven pages. Attachments to a discovery related motion, or a response thereto, shall not exceed five pages." (*Id.*) SHP's original response is nine pages with over twenty pages of attachments.[1] SHP did not seek leave to exceed the page limits.

Third, according to the Amended Response, seven out of the original nine disputed categories of documents have been resolved by the parties without the need for Court intervention. The Court uniformly imposes a meet and confer requirement on the parties so that they may resolve their disputes prior to a need for Court intervention, but even if they don't resolve their disputes, the meet and confer requirement ensures that the parties are aware of each other's positions

---

[1] The Amended Response, in addition to being untimely and unpermitted, adds even more pages exceeding this limit.

3

concerning the disputed discovery requests prior to filing a motion to compel, eliminating the need for replies and sur-replies. Motions to compel are reserved for situations where the parties have met and conferred and reached an impasse. Resolving a majority of the disputes *after* filing a motion to compel does not indicate that the parties engaged in a sufficiently rigorous meet and confer process resulting in an impasse and requiring the Court's intervention. Further, the parties' positions in their briefs seem to pass like ships in the night, with new arguments being raised weeks after both the motion and response have been filed. Taken together, all of these facts indicate to the Court that the parties are not seriously confronting their obligations to diligently and professionally meet and confer regarding discovery disputes.[2]

Fourth, Plaintiffs have moved *unopposed* to file a reply to arguments that they asserted were raised for the first time in the Amended Response. (*See* Dkt. No. 73.) Since the motion for leave is unopposed, the Court understands that SHP does not dispute Plaintiffs' arguments that there is good cause for Plaintiffs to file their reply brief. In other words, SHP does not dispute that it raised new substantive arguments for the first time in an Amended Response *one month after* the deadline to respond to the Motion to Compel and without seeking leave of Court to do so. Yet, SHP provides no sufficient explanation permitting it to raise new arguments over a month after the deadline to respond.

Fifth, SHP's privilege log does not comply with Federal Rule of Civil Procedure 26(b)(5)(ii). Plaintiffs moved to compel "incident reports, and emails, letters, memorandum, and other written communications referencing and/or related to [Ms. Johnson]." (Dkt. No. 69-1.) SHP's privilege log fails to "describe the nature of the documents, communications, or tangible things not produced or disclosed" and "in a manner, that without revealing information itself

---

[2] The Court sees little evidence of diligence or professionalism in this situation.

4

privileged or protected, will enable other parties to assess the claim" according to Federal Rule of Civil Procedure 26(b)(5)(ii). Rather, SHP's privilege log provides only the title of two documents withheld and broad, blanket assertions of grounds of privilege without any description of the nature of the contents of the documents for Plaintiffs to assess whether such documents are actually privileged.

Sixth, in addition to its privilege log being deficient, SHP does not support its claims of privilege with any evidence, declarations, or affidavits. Rather, it makes broad sweeping descriptions of what is covered under Texas privilege law without any argument or evidence that the contents of the documents at issue are covered by such privilege. (*See e.g.*, Dkt. No. 72 at 3-6.) The Court's Discovery Order states "[a]ny party may move the Court for an order compelling the production of any privileged documents or information identified in any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court, within 14 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertion of privilege." (Dkt. No. 34.) Both SHP's original response and its Amended Response failed to include such affidavits or declarations despite SHP's contention that the documents sought are privileged. (Dkt. No. 71 at 5; Dkt. No. 72 at 3.)

In SHP's original response, SHP contends that Plaintiffs' failure to grant a two-week extension is responsible for SHP's failure to include affidavits or evidence supporting its privilege claims. (Dkt. No. 71 at 4, 9.) As stated, the Court grants or denies extensions, not Plaintiffs. This is no excuse. In SHP's Amended Response, SHP contends that its failure to include affidavits is "[d]ue to the page and exhibit restrictions imposed by the court's standing orders on discovery disputes," and similarly arguing that "Plaintiffs have refused to extend page and/or exhibit limits." (Dkt. No. 72 at 6.) However, this apparent recognition of the Court's page and exhibit limits did

5

not prevent SHP from violating such limits in its original response brief, nor did it cause SHP to seek leave to exceed such limits to file an affidavit supporting its privilege claim in either its original or Amended Response. SHP bears the burden of proof in asserting privilege, and yet it has failed to provide to the Court even the bare minimum of evidence or argument necessary for the Court to evaluate such a privilege claim.

Finally, *twice* (once in its original response and once in its Amended Response), "Defendant SHP respectfully requests that this Court [sic] **grant DENY** Plaintiffs' Motion to Compel." (Dkt. No. 71 at 9) (emphasis added); (Dkt. No. 72 at 7) (same).

The record before the Court is rife with SHP's repeated violations of the Discovery Order, the Court's local rules, and the Federal Rules of Civil Procedure. SHP's conduct is without excuse, and the Court considers it to be sanctionable. The Court finds that SHP has failed to meet its burden to establish that the documents sought are privileged, and further, SHP has waived its broad privilege assertions due to SHP's wholly deficient conduct.

The parties agree that the only disputed categories of documents that remain are (1) documents relating to SHP's other lawsuits and non-litigation complaints and (2) Lonetta Johnson's "entire file." (Dkt. No. 74.) Concerning the documents previously sought and later resolved without Court intervention, the Court finds that the Motion to Compel should be **DENIED AS MOOT**. Concerning the two disputed categories, in light of SHP's repeated violations of every applicable rule or order, and in light of SHP's waiver of privilege, the Court finds that the Motion to Compel should be and hereby is **GRANTED**.

This is not the first instance in this case where these parties have failed to comply with the Court's local rules and the Federal Rules of Civil Procedure. (*See* Dkt. Nos. 47, 54, and 66.) So that the parties and their counsel have no doubt—further failures to follow the Court's rules will

be considered (and acted upon) as sanctionable conduct. Further, Counsel for each party shall separately deliver this order (in hard copy form) to the chief executive of such party within three days hereof, and shall confirm such delivery by notice filed on this docket within two (2) days of such delivery. As regards to Harrison County, its chief executive—for these purposes—shall be the Hon. Chad Sims.

**So ORDERED and SIGNED this 15th day of March, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE